UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


EDWARD TYLER GRAY, II,          )
                                )
        Plaintiff,              )
                                )
     v.                         )          No. 3:04-0425
                                )          JUDGE ECHOLS
METROPOLITAN GOVERNMENT OF      )
NASHVILLE AND DAVIDSON          )
COUNTY, et al.                  )
                                )
        Defendants.             )


                        **MEMORANDUM**


     Pending before the Court are the Report and Recommendation

(R&R) entered by the Magistrate Judge (Docket Entry No. 105), and

Defendants Charlotte Ellerby and Sarah Coman's Objections[1] (Docket

Entry No. 106) thereto.  The Magistrate Judge recommends that this

Court grant the Motions for Summary Judgment filed by (1)

Defendants Metropolitan Government of Nashville and Davidson

County, Jack Copeland, Charles Foster, and Kerry Hall (Docket Entry

---

[1]In his response to Defendant Ellerby's and Coman's
Objections, Plaintiff asserts "the Magistrate Judge's assessment of
the facts and interpretation of the law is correct" and that he
therefore "has no objections to bring before this Honorable Court."
(Docket Entry No. 114). Plaintiff does object, however, to the
Objections filed by Defendants Ellerby and Coman because they were
filed late.  Plaintiff's objection is overruled.  The Magistrate
Judge's Report and Recommendation was entered on May 13, 2005, and
the Court granted Defendants additional time to file briefs to
support their objections.  Plaintiff also was granted time to
respond to Defendants' objections and briefs.  The Court finds the
Plaintiff has not been prejudiced by this short delay.

1

No. 73), and (2) Defendants Prison Health Services, Inc., Norm Crawford, and Stella Steele (Docket Entry No. 79) on all claims and dismiss those Defendants from this case.  The Magistrate Judge also recommends the Motion for Summary Judgment of Defendants Charlotte Ellerby and Sarah Coman (Docket Entry No. 79[2]) be granted as to Plaintiff's state law claims and denied as to Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## I.  BACKGROUND AND FACTS

The background and facts of this case are adequately presented in the R&R of the Magistrate Judge and will not be repeated here. As noted above, the Magistrate Judge recommends that all Defendants be dismissed on all claims, except Plaintiff's claim that Defendants Ellerby and Coman, as nurses at the prison, were deliberately indifferent to his serious medical needs, which violated his rights under 42 U.S.C. § 1983.  Only Defendants Ellerby and Coman filed objections to the recommended findings by the Magistrate Judge.  These Defendants allege the Magistrate Judge erred in finding:

    (1) that genuine issues of material fact exist regarding

    whether these Defendants were deliberately indifferent to

    any serious medical needs of the Plaintiff; and

---

[2]The Motion for Summary Judgment filed on behalf of these Defendants is a part of the Motion for Summary Judgment filed also on behalf of Defendants Prison Health Services, Crawford and Steele.

(2) that these Defendants are not entitled to qualified

immunity.

This Memorandum will address only the above two objections.

## II.  STANDARD OF REVIEW

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

## III.  ANALYSIS

### A.  Deliberate Indifference

The Magistrate Judge correctly stated the legal requirements to establish a claim for the deliberate indifference to a serious medical need. Plaintiff must show both that his medical needs were serious and that the Defendants sought to be held liable acted in a deliberately indifferent manner.   Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).   Moreover, on this latter issue, Plaintiff must show that the Defendants consciously disregarded a serious medical need in a manner evidencing wantonness.   Farmer v. Brennan, 511 U.S. 825, 837-41 (1994).

3

In their brief supporting their Objections, Defendants Ellerby and Coman do not take issue with the Magistrate Judge's conclusion that dislocation of a hip which causes extreme pain can be a serious medical need. Rather, they claim that there is insufficient evidence to present a jury question on the issue of whether either of those Defendants was deliberately indifferent to Plaintiff's medical needs.

After thoroughly reviewing the evidence presented, the Magistrate Judge concluded that genuine issues of material fact existed regarding the claim that Defendants Ellerby and Coman were deliberately indifferent to Plaintiff's serious medical need because "[t]he evidence before the Court could reasonably be viewed by a trier of fact as raising more than just a matter of a difference of opinion by Plaintiff about the type or manner of treatment which was provided to Plaintiff." (Docket Entry No. 105 at 19). In arriving at this conclusion, the Magistrate Judge pointed to evidence which Gray had identified as suggesting the required wantonness necessary for a finding of deliberate indifference. This evidence included:

> (1) Medical progress notes by Defendant Ellerby on June 2, 2003, which suggested Ellerby was aware of Plaintiff's history of dislocation of his artificial hip and which show that he was prescribed 800 mg of Motrin for complaints of general pain to his hip-the same medication he was prescribed when his hip was dislocated and he was in great pain;
> (2) Medical records from April and May of 2003 which show that when he was previously treated for hip dislocation

4

he was prescribed Morphine and pain medications, instead of simply Motrin;

(3) An affidavit from jail Lieutenant Foster which indicates that Plaintiff was taken to the hospital in response to Plaintiff's complaints of pain on June 10, 2003, and not taken there in response to an order for x-rays from Ellerby on June 9, 2003;

(4) Declarations from Gray and another inmate which recount Gray's having to crawl across the floor of his cell in order to be able to utilize the restroom and Coman's observation of at least one of those incidents;

(5) Lieutenant Foster's statement that he was told by Coman "there was nothing wrong with" Plaintiff;

(6) Jailer Copeland's statement on the morning of June 10, 2003, that he had been informed Plaintiff had been "medically cleared" and therefore should report to the chow hall to receive his breakfast;

(7) The statement of inmate Worrell that Coman told Plaintiff she thought he was "faking" and that she was not "going to waste her time" sending Plaintiff to the hospital;

(8) The statements of Barbara Dobson, Plaintiff's mother, and Betty Gray, Plaintiff's ex-wife, that they called the HDC medical staff on several occasions and were informed Plaintiff was "fine," there "was nothing wrong with him," and he had "tried this in the past,"; and

(9) Plaintiff's own declaration that on multiple occasions, Coman made statements that there "was nothing wrong" with Plaintiff and he was "faking."

(Docket Entry No. 105 at 17-18).

With their Objections, Defendants Ellerby and Coman have submitted the Affidavit of Ellerby and included records of "Physicians Orders" from Prison Health Services. In her Affidavit, Ellerby avers that on June 8, 2003, she issued the telephone order for Plaintiff to receive Motrin and bed rest; that she received no

5

further report on Gray's condition until she spoke with Nurse Coman by telephone on June 9, 2003; that she issued a telephone order for Gray to be sent for an x-ray at 12:30 p.m. that day; and that she was not present at the HDC on June 8, 9, or 10, 2003, and therefore did not see Gray leave his bed unassisted, nor was it reported to her that Gray had done so. (Docket Entry No. 111). The "Physician's Orders" confirm that a notation was made in Gray's record early in the afternoon of June 9, 2003, that Gray's right hip was to be x-rayed. (Docket Entry No. 110).

Based upon this additional evidence, Defendant Ellerby asserts that she was not deliberately indifferent to Plaintiff's medical needs because "she responded with medically appropriate orders" following the telephone reports she had received from the nurses. (Docket Entry No. 113 at 2). Ellerby further asserts she cannot be liable because she was not even present in the facility during the dates in question.

The new evidence supplied by Ellerby perhaps makes this a closer case with respect to the claim of deliberate indifference lodged against her. Nevertheless, the Court is of the opinion that sufficient evidence has been presented by Plaintiff which makes resolution of the claim of deliberate indifference a question for the jury.

From all outward appearances, Ellerby was making the decisions relating to the care that was or was not being provided to

Plaintiff based upon telephone calls she received from the nursing staff. While this Court fully recognizes that there is no *respondeat superior* liability under Section 1983, it does not follow perforce, however, that those acting in concert cannot be held liable under Section 1983. As the Sixth Circuit has observed:

> It is true, as the Supreme Court has stated, that in a § 1983 action liability cannot be based on a theory of respondeat superior. <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) ("'a municipality cannot be held liable under 1983 on a *respondeat superior* theory'"). However, this does not automatically mean that a supervisor can never incur liability under § 1983. As this Court made clear in <u>Bellamy v. Bradley</u>:
>> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *At a minimum, a §§ 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate*.
> 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984) (emphasis added).

<u>Taylor v. Michigan Dep't of Corrections</u>, 69 F.3d 76, 80-81 (6th Cir. 1995). Where an employee has a job to do but does not do it, that failure can amount to a violation of Plaintiff's constitutional right. <u>See</u>, <u>Hill v. Marshall </u>, 962 F.2d 1209, 1213 (6 [th] Cir. 1992)(italics in original)(where defendant "is charged with abandoning the specific duties of his position-responding to inmates complaints about medical needs-in the face of actual knowledge of a breakdown in the proper workings of the department"

7

defendant could be liable under Eighth Amendment since he "*personally* had a job to do").

In this case, based upon reports she had received from two nurses at HDC, Ellerby prescribed Motrin and bed rest for Plaintiff and there remains a critical and genuine issue of material fact as to whether this was the appropriate response in light of Gray's complaints of intense pain and the fact that he was forced to pull himself across the room in order to utilize the restroom. This question is further compounded by the fact that by early afternoon on Monday June 9, 2003, Ellerby was apparently accepting the very real possibility that Plaintiff had in fact once again dislocated his hip. Notwithstanding that, there was no change in his medications, nor was there any notation of urgency that Plaintiff should go to the hospital for an x-ray and follow-up treatment. A jury could very well determine that Defendant Ellerby did not fulfill the specific duties of her position which caused Plaintiff's pain and discomfort to continue unnecessarily.

With respect to Defendant Coman, Defendants assert, without citation to any evidence, that even if she saw Plaintiff crawl on the floor to use the facilities, there is no evidence that Plaintiff requested either her or the jailers to assist him to the restroom or to bring him a wheelchair, nor was there any opportunity for Coman to prevent Plaintiff from leaving his bed. (Docket Entry No. 113 at 3). However, Nurse Coman is a

8

professional medical provider who presumably is charged with the
responsibility of providing for the medical needs of the inmates.
It is reasonable to assume that Plaintiff would have to leave his
bed at some time to go to the restroom or for other purposes.  It
could be argued it was she who should have determined whether a
wheelchair or crutches was appropriate, not the Plaintiff.  Even if
it is true that Coman could not have prevented Plaintiff from
leaving his bed (which is far from clear), the record suggests that
she knew of his painful condition and upon seeing Plaintiff's
efforts, she did nothing which would aid him when he needed to use
the restroom later, such as provide him a wheelchair or crutches.
To the contrary, the next morning the medical staff was reporting
to the jailers that Plaintiff had been "medically cleared" and thus
could walk to the chow line.  Certainly,  factual issues exist
regarding  Coman's  culpability,  making  summary  judgment
inappropriate.

    Finally, Defendants distinguish <u>Mandel v. Doe</u>, 888 F.2d 783
(11th Cir. 1989) which was cited by the Magistrate Judge to support
her conclusion that a reasonable trier of fact could conclude that
Defendants Ellerby and Coman treated Plaintiff with deliberate
indifference.  It is true that the inmate in <u>Mandel</u> was deprived of
proper medical care for a much longer period of time than the
Plaintiff, but the opinion does not suggest that the extreme facts
presented in that case were the minimum required to show deliberate

9

indifference, or that the decision was a close one.[3]  Moreover,
even though "not every twinge of pain suffered as the result of
delay in medical care is actionable," pain and suffering which
lasts only several hours can amount to the "unnecessary and wanton
infliction of pain" which is forbidden by the Constitution.
Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000).  See
also, McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.
1999)("[e]ven where medical care is ultimately provided, a prison
official may nonetheless act with deliberate indifference by
delaying the treatment of serious medical needs, even for a period
of hours").

In sum, Plaintiff has offered evidence which supports his
claim that the treatment provided to him by Defendants Ellerby and
Coman at the HDC from the evening of June 8, 2003, to the morning
of June 10, 2003, was so cursory that it amounted to virtually no
treatment at all and caused him to suffer needless pain which
easily could have been avoided.  It is not the duty of the Court at
this point to determine whether the evidence preponderates in favor
of one party or the other.  The Court does find, however, that a

---

[3]Interestingly, the Court in Mandel pointed out "[t]his court
has consistently held that knowledge of the need for medical care
and intentional refusal to provide that care constitutes deliberate
indifference," and that "medical care which is so cursory as to
amount to no treatment at all may amount to deliberate
indifference."  888 F.2d 788 & 789.  Here, the facts may fairly be
interpreted by a jury as suggesting that Ellerby and Coman knew of
the need for medical treatment by the Plaintiff but intentionally
refused to provide the treatment required.

10

reasonable trier of fact could view the evidence and decide in favor of Plaintiff by determining that he was treated with deliberate indifference by Defendants Ellerby and Coman.  For the reasons stated, this issue will be for the jury to decide at trial and not by this Court on summary judgment.

**B.   Qualified Immunity**

As indicated, in their Objections, Defendants Ellerby and Coman assert that the Magistrate Judge erred in recommending that those Defendants not be granted qualified immunity.  In their brief, however, Defendants make no arguments to support that contention.

In the R & R, the Magistrate Judge correctly noted that after the Supreme Court in Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100 (1997) held that qualified immunity was not available to prison guards who were employed by a private company which contracted with the state to operate a prison system, the courts have repeatedly held that qualified immunity is likewise not available to health care workers employed by private health care companies which have contracted to provide services to inmates. Defendants Ellerby and Coman have provided the Court with no contrary authority, and the Court sees not basis for declining to follow this line of authority.  Accordingly, Defendants Ellerby and Coman's objection to the Magistrate Judge's recommendation that the

11

defense of qualified immunity not be available to them is overruled.

## IV. <u>CONCLUSION</u>

On the basis of the foregoing, the Report and Recommendation of the Magistrate Judge will be adopted and approved. The Motion for Summary judgment of Defendants Metropolitan Government of Nashville and Davidson County, Jack Copeland, Charles Foster, and Kerry Hall (Docket Entry No. 73) will be granted and those Defendants will be dismissed from this case. The Motion for Summary Judgment of Defendants Prison Health Services, Inc., Norm Crawford and Sandra Steele (Docket Entry No. 79) will be granted and those Defendants will be dismissed from this case. The Motion for Summary Judgment of Defendants Charlotte Ellerby and Sara Coman (Docket Entry No. 79) will be granted in part and denied in part. It will be granted with respect to Plaintiff's state law claims against those Defendants and denied with respect to Plaintiff's civil rights claims under 42 U.S.C. § 1983.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

12